UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>301 ADAMS STREET, QUINCY, MASSACHUSETTS; 1548-1558 DORCHESTER AVENUE, DORCHESTER, MASSACHUSETTS; and FIVE (5) CERTAIN PARCELS OF LAND WITH THE BUILDINGS(S) THEREON IN BROCKTON PLYMOUTH COUNTY, MASSACHUSETTS, COMMONLY KNOWN AS 11 ROSSETER STREET, 16 ROSSETER STREET, 213-223 NORTH MAIN STREET, 204 NORTH MONTELLO STREET, AND 227 NORTH MAIN STREET, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THEREON,<br>        Defendants. | **FILED EX PARTE AND UNDER SEAL**<br><br>Civil Action No.<br><br>04 - 12582 RCL |

### MOTION FOR EX-PARTE FINDING AND ENDORSEMENT OF MEMORANDA OF LIS PENDENS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves for a finding that the above-captioned Verified Complaint for Forfeiture in Rem constitutes a claim of right to title to the following real properties, described as:

    a.    the real property and buildings located at 301 Adams Street, Quincy, Massachusetts, having a deed recorded at the Norfolk County Land Court as Document No. 1025853, noted on Certificate of Title No. 167544 ("301 Adams"), currently owned by Tina Le;

    b.    the real property and buildings located at 1548-1558 Dorchester Avenue, Dorchester, Massachusetts, having a deed recorded at the Suffolk County Registry of Deeds at Book 32823, Page 262, ("1548 Dorchester"), currently owned by Tina Le; and

      c.    five (5) certain parcels of land with the buildings(s) thereon in Brockton, Plymouth County, Massachusetts, commonly known as 11 Rosseter Street, 16 Rosseter Street, 213-223 North Main Street, 204 North Montello Street, and 227 North Main Street, having a deed recorded at the Plymouth County Registry of Deeds, Book 29342, Page 298, ("204 North Montello"), currently owned by DL Group, L.L.C.,

(collectively referred to as the "Defendant Properties"), or the use and occupation thereof, and also moves for the endorsement of said finding on memorandum of *lis pendens*.

As grounds for this motion, the United States submits that the requested finding and endorsement of the memorandum of *lis pendens* are required under Massachusetts law regulating the recording and registration of memoranda of *lis pendens*, Mass. Gen. L. ch. 184 § 15. The endorsement will enable the United States to file the *lis pendens* in the appropriate registry of deeds office to give third parties notice of this pending action and of the government's forfeiture claim to the Defendant Properties.

Massachusetts General Laws, Chapter 184, Section 15, requires that any notice of *lis pendens* recorded at the Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon . . . ." Endorsement of a notice of *lis pendens* does not constitute a comment on the merits of the underlying case, *i.e.*,

2

whether probable cause exists.  See Sutherland v. Aolean Development Corp., 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). In Sutherland, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "'what is the subject matter of the action,' and does it consist of a claim of right to title or use and occupation of real property." Id. at 40.  It is not a finding of probable cause.  A lis pendens does not purport to create a new right, interest or remedy in the litigant filing the memorandum of lis pendens. Debral Realty, Inc. v. DiChiara, 420 N.E.2d 343, 346 (Mass. 1981).  It is merely a mechanism to put potential purchasers on notice of litigation concerning the property.  Id. at 348.

The United States relies upon the Verified Complaint for Forfeiture in Rem filed this day.  The Complaint seeks forfeiture of the Defendant Properties described above, pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(a)(1)(A), as a result of violations of 18 U.S.C. §§ 1341 and/or 1343 and 18 U.S.C. §§ 1956 and/or 1957.  Consequently, this action constitutes a claim of right to title to the Defendant Properties described above.

Three proposed Lis Pendens are attached for consideration by the Court.

WHEREFORE, the government requests that this Court approve and endorse the proposed findings on the attached memoranda of lis pendens.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:    /s/ Kristina E. Barclay
        KRISTINA E. BARCLAY
        Assistant U.S. Attorney
        Suite 9200
        1 Courthouse Way
        Boston, MA 02210
        (617) 748-3100

Dated: December 9, 2004