UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **FILED UNDER SEAL** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12582-RCL |
| ) | |
| 301 ADAMS STREET, QUINCY, ) | |
| MASSACHUSETTS; 1548-1558 ) | |
| DORCHESTER AVENUE, DORCHESTER, ) | |
| MASSACHUSETTS; and FIVE (5) ) | |
| CERTAIN PARCELS OF LAND WITH THE ) | |
| BUILDINGS(S) THEREON IN BROCKTON, ) | |
| PLYMOUTH COUNTY, MASSACHUSETTS, ) | |
| COMMONLY KNOWN AS 11 ROSSETER ) | |
| STREET, 16 ROSSETER STREET, ) | |
| 213-223 NORTH MAIN STREET, 204 ) | |
| NORTH MONTELLO STREET, AND 227 ) | |
| NORTH MAIN STREET, INCLUDING ALL ) | |
| APPURTENANCES AND IMPROVEMENTS ) | |
| THEREON, ) | |
| Defendants. ) | |

**EMERGENCY MOTION TO EXTEND BRIEFLY THE TIME
TO SERVE THE AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 18, United States Code, Section 981(a)(1)(A), hereby moves for a **two-week** extension of time for service of the Amended Verified Complaint for Forfeiture In Rem in this action, **in order to ensure that the owner of the subject properties, and her co-conspirators, do not avoid apprehension in the parallel criminal investigation before they are charged**. As grounds therefore, the United States submits:

1. The United States filed a Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> ("Complaint") in this action on December 9, 2004. The Complaint, including the Affidavit of Federal Bureau of Investigation Special Agent Brad Carpenter attached thereto as Exhibit A (the "Carpenter Affidavit"), was filed <u>under</u> <u>seal</u>, and the United States has not requested issuance of a Warrant and Monition in this action, and therefore has not executed service of the Complaint.

2. As set forth in the Carpenter Affidavit, the properties are owned and controlled by Tina Le, who, along with her boyfriend and daughters, are targets of the parallel criminal investigation. As set forth in the Carpenter Affidavit, over a ten-year period, the defendants ran a temporary employment services agency, in which they directed hundreds, if not thousands, of low-skill employees to job-sites throughout Massachusetts, and falsely represented to their workers compensation insurers and the Internal Revenue Service, the size of their gross receipts and payroll.

3. On December 15, 2004, search warrants were executed at the targets' home and business offices. The search warrants were based in part on consensually monitored recordings of the targets, as well as many hours of surveillance, records review, and trash searches.

4. Since the execution of the searches, the government has

continued to pursue the investigation vigorously, serving over two hundred grand jury subpoenas, reviewing thousands of records, interviewing over fifty witnesses, and examining several grand jury witnesses.

   5.   On March 29, 2005, the government, with the assent of the property owners, moved for an extension to serve the original complaint in this matter, which the Court granted.  On May 18, 2005, the government filed an amended complaint.  The deadline by which to serve the amended complaint is this Thursday, September 15.

   6.   The government needs two more weeks to complete its investigation, as it intends to call more grand jury witnesses between now and the time it will seek an indictment.

   7.   The government believes that if it is required to serve the Amended Verified Complaint, or more specifically the underlying Carpenter Affidavit, before the targets are charged, they will be apprized of the scope and the extent of the government's case against them, and therefore they might attempt to flee the country.  The defendants have family in Vietnam, and are known to travel there from time to time.

   8.   In order to avoid this risk, the government seeks a two week extension of the time to serve the Amended Verified Complaint in this matter.  There is no reason to believe that an extension of this modest length will prejudice those with

interests in the subject properties.

9. The government has not sought the assent of counsel for the interest parties to this motion, for fear that the targets might realize that an indictment is imminent.

10. Under Fed. R. Civ. P. 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

The Rule further provides that the court "shall extend the time for service for an appropriate period" if the plaintiff shows "good cause for the failure."

WHEREFORE, the United States requests that this Court extend the time for service of the Complaint in this action from September 15, 2005 to September 29, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ 
JONATHAN F. MITCHELL
KRISTINA E. BARCLAY
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3274

Date: September 12, 2005

4