UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 NOV -4  A 10: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA,
    Plaintiff

vs.                                                 Civil Action No. 04-12582-RCL

301 ADAMS STREET, QUINCY,
MASSACHUSETTS; 1548-1558
DORCHESTER AVENUE, DORCHESTER,
MASSACHUSETTS; FIVE (5) CERTAIN
PARCELS OF LAND WITH THE
BUILDING(S) THEREON IN BROCKTON
PLYMOUTH COUNTY, MASSACHUSETTS,
COMMONLY KNOWN AS 11 ROSSETER
STREET, 16 ROSSETER STREET,
213-223 NORTH MAIN STREET, 204
NORTH MONTELLO STREET, AND 227
NORTH MAIN STREET, INCLUDING ALL
APPURTENANCES AND IMPROVEMENTS
THEREON; $67,561.88 IN UNITED
STATES CURRENTY; AND 26,776.42 IN
UNITED STATES CURRENCY, SEIZED
FROM ASIAN AMERICAN BANK CHECKING
ACCOUNT NUMBER 310029269,
        Defendants

## PETITION FOR REMISSION OR MITIGATION OF FORFEITURE

TO:   FEDERAL BUREAU OF INVESTIGATION
      ONE CENTER PLAZA, SUITE 600
      BOSTON, MA 02108
      ATTN: ASSET FORFEITURE GROUP

      UNITED STATES ATTORNEY'S OFFICE
      ASSET FORFEITURE UNIT
      1 COURTHOUSE WAY, SUITE 9200
      BOSTON, MASSACHUSETTS 02210

NAME, ADDRESS, AND SOCIAL SECURITY NUMBER OF PETITIONER

    Steven A. Rubin, Trustee of the SA Rubin Realty Trust
    11 Katelyn Hill Drive
    West Falmouth, MA 02574
    Taxpayer ID/Social Security No. 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

NAME OF SEIZING AGENCY, ASSET IDENTIFIER NUMBER AND DATE AND PLACE OF SEIZURE

    FEDERAL BUREAU OF INVESTIGATION
    ONE CENTER PLAZA, SUITE 600
    BOSTON, MA 02108
    ATTN: ASSET FORFEITURE GROUP

    ASSET IDENTIFIER NUMBER:  Civil Action No. 04-12582-RCL
    DATE AND PLACE OF SEIZURE: Unknown

DESCRIPTION OF THE PROPERTY

    Five (5) certain parcels of land with the building(s) thereon, commonly known as:

    11 Rosseter Street, Brockton, MA 02301
    16 Rosseter Street, Brockton, MA 02301
    204 North Montello Street, Brockton, MA 02301
    223 North Main Street, Brockton, MA 02301
    227 North Main Street, Brockton, MA 02301

DESCRIPTION OF PETITIONER'S INTEREST IN THE PROPERTY

    The Petitioner is a lienholder of the above-referenced five (5) parcels of land. Specifically, the Petitioner holds a first mortgage on the five (5) parcels of land. The Petitioner has a first position security interest in the properties delineated above. In support of Petitioner's position as a lienholder, a copy of the Purchase Money Note and the Purchase Money Mortgage Deed are attached hereto as Exhibit A.

    The Petitioner herewith submits an Affidavit in support of this Petition for Remission or Mitigation of Civil Forfeiture.

                                        Respectfully submitted,
                                        Steven A. Rubin, Trustee of
                                        the SA Rubin Realty Trust,
                                        by his attorney,

Date: 11-04-05                                */s/ Stephen M. Scolnick*
                                        Stephen M. Scolnick, BBO #449120
                                        Law Offices of Russo & Scolnick
                                        Two Oliver Street, 8th Floor
                                        Boston, MA 02109
                                        (617) 542-7700

## AFFIDAVIT IN SUPPORT OF PETITION FOR
## REMISSION OR MITIGATION OF CIVIL FORFEITURE

TO:  FEDERAL BUREAU OF INVESTIGATION
ONE CENTER PLAZA, SUITE 600
BOSTON, MA 02108
ATTN: ASSET FORFEITURE GROUP

UNITED STATES ATTORNEY'S OFFICE
ASSET FORFEITURE UNIT
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MASSACHUSETTS 02210

FROM:  Steven A. Rubin, Trustee of the SA Rubin Realty Trust
11 Katelyn Hill Drive
West Falmouth, MA 02574
Taxpayer ID/Social Security No. 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

RE:  United States of America v. 301 Adams Street, Quincy, Massachusetts,
et al., United States District Court for the District of Massachusetts,
Civil Action No. 04-12582-RCL

    I, Steven A. Rubin, Trustee of the SA Rubin Realty Trust, hereby assert that I am a victim of an offense involving mail fraud and/or wire fraud, in violation of 18 U.S.C. §§ 1341 and/or 1343, laundering of monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957, and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(c), thereby subjecting five (5) parcels of property to seizure and/or forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 981(b), and 31 U.S.C. § 5317(c).

    I am a lienholder and hold a first mortgage on the properties located at 11 Rosseter Street, Brockton, MA 02301, 16 Rosseter Street, Brockton, MA 02301, 204 North Montello Street, Brockton, MA 02301, 223 North Main Street, Brockton, MA 02301, 227 North Main Street, Brockton, MA 02301 ("204 North Montello"),

    A civil complaint was filed by the U.S. Attorney's Office, District of Massachusetts, seeking forfeiture of the 204 North Montello properties. Said matter is entitled *United States of America v. 301 Adams Street, Quincy, Massachusetts, et al.*, Civil Action No. 04-12582-RCL, and has been filed in the United States District Court for the District of Massachusetts.

    The forfeiture complaint alleges that the 204 North Montello properties were purchased with proceeds that derived from mail fraud and/or wire fraud, laundering of monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity, and structuring transactions to evade reporting requirements.

On October 26, 2005, I sold the 204 North Montello properties to Tina T. Le for the purchase price of One Million Fifty Thousand Dollars ($1,050,000.00). At the closing, the Buyer tendered $482,106.86 to the Seller. The purchase was further secured by a purchase money note and purchase money mortgage deed in the amount of $577,500.00, payable to myself, as Trustee of the SA Rubin Realty Trust. I have attached a copy of the HUD Settlement Statement to this Affidavit in support of this claim.

The forfeiture complaint alleges that the buyer, Tina T. Le, used monies derived illegally through mail fraud and/or wire fraud, laundering of monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity, and structuring transactions to evade reporting requirements.

I will lose my secured interest in the 204 North Montello properties should the forfeiture action proceed, and will lose all opportunity to enforce the mortgage I provided to the buyer, should the forfeiture action proceed.

I did not knowingly contribute to, participate in, benefit from, or act in a willfully blind manner towards the commission of the alleged offenses, or related offenses that serve as the underlying basis of the forfeiture action.

I have a good faith interest in the seized properties, heretofore referred as the 204 North Montello properties in that I am a lienholder.

I have no actual or constructive knowledge that the seized property was or would be involved in any violation of law.

I had no actual or constructive knowledge of the particular violation that subjected the 204 North Montello properties to seizure.

I had no actual or constructive knowledge that the buyer of the property was under surveillance by the Federal Bureau of Investigation for the allegations of mail fraud and/or wire fraud, laundering of monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity, and structuring transactions to evade reporting requirements.

I hereby declare under the pains and penalties of perjury that this Affidavit, including any attachments hereto, is true and correct in every respect.

Date: 11·04·05

Steven A. Rubin, Trustee of the
SA Rubin Realty Trust

## DECLARATION OF REPRESENTED PETITIONER

State of Massachusetts

County of Suffolk

I hereby declare under penalty of perjury that I have authorized the attorney listed below to represent me in this proceeding, that I have fully reviewed the petition, including any attachments thereto, and that the petition and any such attachments are true and correct in every respect.

Name of Attorney:   Stephen M. Scolnick, BBO #449120
Address of Attorney:  Law Offices of Russo & Scolnick
Two Oliver Street, 8th Floor
Boston, MA 02109
(617) 542-7700

Executed: __11·04·05__        _____
Date                Signature of Petitioner

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss                    11/4 , 2005

On this __4__ day of __November__, 2005, before me, __Michael Pavloski__, the undersigned notary public, personally appeared Steven A. Rubin, and proved to me through satisfactory evidence of identification, which were known, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that Stephen A. Rubin signed it voluntarily for its stated purpose.

> Michael J. Pavloski
> Notary Public
> COMMONWEALTH OF MASSACHUSETTS
> My commission expires 6/28/07

Notary Public
My commission expires: __6/28/07__

## DECLARATION OF ATTORNEY REPRESENTING PETITIONER

State of Massachusetts
County of Suffolk

I hereby declare under penalty of perjury that upon information and belief the foregoing petition, including any attachments thereto, is true and correct in every respect.

Executed: __11·04·05__        _____
Date                Signature of Attorney- Stephen M. Scolnick

| A. Settlement Statement | | U.S. Department of Housing and Urban Development | | |
|---|---|---|---|---|
| | | | HUD-1 (3/86) OMB No 2502-0265 | |
| B. Type of Loan | | | | |
| 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number | |
| 4. ☐ VA   5. ☐ Conv. Ins. | 102504A | | | |
| C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals. | | | | |
| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender | | |
| DL GROUP, L.L.C.<br>204 NORTH MONTELLO STREET<br>BROCKTON, MA 02132 | SA RUBIN REALTY TRUST<br>11 KATELYN HILL DRIVE<br>WEST FALMOUTH, MA 02574 | SA RUBIN REALTY TRUST<br>11 KATELYN HILL DRIVE<br>WEST FALMOUTH, MA 02574 | | |
| G. Property Location | H. Settlement Agent | | | |
| 11 & 16 ROSSETER ST., 204 NORTH MONTELLO ST., 223 & 227 NORTH MAIN ST., ALL LOCATED IN BROCKTON, MA 02301 | Place of Settlement<br>GREENBAUM, NAGEL, FISHER & HAMELBURG<br>200 HIGH STREET, 4TH FLOOR<br>BOSTON, MA 02110 | I. Settlement Date<br>10/26/04 | | |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | 1,050,000.00 | 401. Contract sales price | 1,050,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 5,477.50 | 403. | |
| 104. REAL ESTATE TAXES - 3RD QUARTER | 5,843.98 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes     to | | 406. City/town taxes     to | |
| 107. County taxes     to | | 407. County taxes     to | |
| 108. Assessments     to | | 408. Assessments     to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 1,061,321.48 | 420. Gross Amount Due To Seller | 1,050,000.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 52,500.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 577,500.00 | 502. Settlement charges to seller (line 1400) | 28,563.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. PURCHASE MONEY FINANCING | 577,500.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes  10/01/04 to 10/26/04 | 1,688.44 | 510. City/town taxes  10/01/04 to 10/26/04 | 1,688.44 |
| 211. County taxes     to | | 511. County taxes     to | |
| 212. Assessments     to | | 512. Assessments     to | |
| 213. UNPAID WATER | 26.18 | 513. UNPAID WATER | 26.18 |
| 214. | | 514. WLUKA REAL ESTATE | 50.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 631,714.62 | 520. Total Reduction Amount Due To Seller | 607,827.62 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | 1,061,321.48 | 601. Gross amount due to seller (line 420) | 1,050,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | ( 631,714.62) | 602. Less reductions in amt. due seller (line 520) | ( 607,827.62) |
| 303. Cash  ☒ From  ☐ To Borrower | 429,606.86 | 603. Cash  ☒ To  ☐ From Seller | 442,172.38 |

L. Settlement Charges  
Settlement Statement Page 2

| | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $    @    % = | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ 11,812.50    to WLUKA REAL ESTATE | | | |
| 702. $ 11,812.50    to VINA SERVICE | | | |
| 703. Commission paid at Settlement | | | 23,625.00 |
| 704. | | | |
| **800. Items Payable In Connection With Loan** | | | |
| 801. Loan Origination Fee       % | | | |
| 802. Loan Discount              % | | | |
| 803. Appraisal Fee              to | | | |
| 804. Credit Report              to | | | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee to | | | |
| 807. Assumption Fee | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| **900. Items Required By Lender To Be Paid In Advance** | | | |
| 901. Interest from    to    @ $    /day | | | |
| 902. Mortgage Insurance Premium for    months to | | | |
| 903. Hazard Insurance Premium for    years to | | | |
| 904.    years to | | | |
| 905. | | | |
| **1000. Reserves Deposited With Lender** | | | |
| 1001. Hazard Insurance    months @ $    per month | | | |
| 1002. Mortgage Insurance    months @ $    per month | | | |
| 1003. City property taxes    months @ $    per month | | | |
| 1004. County property taxes    months @ $    per month | | | |
| 1005. Annual assessments    months @ $    per month | | | |
| 1006.    months @ $    per month | | | |
| 1007.    months @ $    per month | | | |
| 1008. Aggregate adjustment    months @ $    per month | | | |
| **1100. Title Charges** | | | |
| 1101. Settlement or closing fee    to | | | |
| 1102. Abstract or title search    to | | | |
| 1103. Title examination    to | | | |
| 1104. Title insurance binder    to | | | |
| 1105. Document preparation    to | | | |
| 1106. Notary fees    to | | | |
| 1107. Attorney's fees    to | | | |
| (includes above items numbers:    ) | | | |
| 1108. Title insurance    to FIRST AMERICAN TITLE | | 4,007.50 | |
| (includes above items numbers:    ) | | | |
| 1109. Lender's coverage    $ 577,500.00 | | | |
| 1110. Owner's coverage    $ 1,050,000.00 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Recording fees: Deed $ 250.00    ; Mortgage $ 350.00    ; Release $ | | 600.00 | |
| 1202. City/county tax/stamps: Deed $    ; Mortgage $ | | | |
| 1203. State tax/stamps: Deed $ 4,788.00    ; Mortgage $ | | | 4,788.00 |
| 1204. TRUSTEE'S CERTIFICATES; to PLYMOUTH REGISTRY OF DEEDS | | 150.00 | |
| 1205. M/L.C.; to PLYMOUTH REGISTRY OF DEEDS | | 650.00 | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Survey    to | | | |
| 1302. Pest inspection to | | | |
| 1303. CERTIFICATE OF REDEMPTION to PLYMOUTH REGISTRY OF DEED | | | 150.00 |
| 1304. OVERNIGHT DELIVERY to FEDERAL EXPRESS | | 20.00 | |
| 1305. TITLE RUNDOWN SHARON PETRILLO, ESQ. | | 50.00 | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | 5,477.50 | 28,563.00 |

I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the Settlement Statement.

Borrower(s) DL GROUP, L.L.C.            Seller(s) SA RUBIN REALTY TRUST

By: _____ 10/26/04              By: _____ 10/26/04
TINA T. LE, AUTHORIZED SIGNOR              STEVEN A. RUBIN, TRUSTEE

The Settlement Statement which I have prepared is a true and accurate account of funds received and funds disbursed or to be disbursed for this transaction.

10/26/04  _____            SHARON PETRILLO, ESQ., Settlement Agent

WARNING: It is a crime to knowingly make false statements to the United States on this form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

**PURCHASE MONEY NOTE**

COMMONWEALTH OF MASSACHUSETTS, COUNTY OF SUFFOLK, ss.

October 26, 2004                                                                                                       $577,500.00

      **FOR VALUE RECEIVED**, DL GROUP, L.L.C., a Massachusetts Limited Liability Company, having an address at 204 North Montello Street, Brockton, MA 02301 ("Maker"), hereby covenants and promises to pay to STEVEN A. RUBIN, TRUSTEE OF THE SA RUBIN REALTY TRUST, under a Declaration of Trust dated October 9, 2002, recorded with Plymouth County Registry of Deeds, Book 23092, Page 35, having an address at 11 Katelyn Hill Drive, West Falmouth, MA 02574 ("Payee"), or order, at Payee's address first above written or at such other address as Payee may designate in writing, Five Hundred Seventy Seven Thousand Five Hundred Dollars ($577,500.00), lawful money of the United States of America, together with interest thereon computed from the date hereof at the rate of 8.5 percent per annum, which principal and interest shall be payable, interest only at the aforesaid rate in monthly installments commencing on the 26th day of November, 2004, and continuing on the same day of each month thereafter, until April 26, 2006, on which date all outstanding principal and accrued interest shall be due and payable.

**Maker covenants and agrees with Payee as follows:**

      1. Maker will pay the indebtedness evidenced by this Note as provided herein.

      2. This Note is secured by a purchase money mortgage deed of even date herewith (the "Mortgage Deed"), which Mortgage Deed is a lien upon the property which is more particularly described in the Mortgage Deed. The Mortgage Deed is a purchase money mortgage deed which has been executed by Maker in favor of Payee in connection with the sale and conveyance of the aforesaid property by Payee to Maker. All of the covenants, conditions and agreements contained in the Mortgage Deed expressly are incorporated by reference herein and hereby are made a part hereof. In the event of any conflict between the terms of this Note and the terms of the Mortgage Deed, the terms of the Mortgage Deed shall be paramount and shall govern.

      3. In the event any payment due hereunder shall not be paid within ten (10) days after the same is due, such payment shall bear interest at the lesser of twelve percent per annum or the highest lawful rate permitted under applicable law, from the date when such payment was due until paid. In addition, Maker shall pay a late payment premium of 5 percent of any principal or interest payment made more than ten (10) days after the due date thereof, which premium shall be paid with such late payment. This paragraph shall not be deemed to extend or otherwise modify or amend the date when such payments are due hereunder. The obligations of Maker under this Note are subject to the limitation that payments of interest shall not be required to the extent that the charging of or the receipt of any such payment by the holder of this Note would be contrary to the provisions of law applicable to the holder of this Note limiting the maximum rate of interest which may be charged or collected by the holder of this Note.

      4. The holder of this Note may declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable upon the occurrence of any event of default under the Mortgage Deed securing this Note, beyond any applicable grace period provided for herein or in said Mortgage Deed.

      5. Maker shall have the right to prepay the indebtedness evidenced by this Note, in whole or in part, without penalty, upon ten days prior written notice to Payee. The installment payments provided for herein shall continue without change after any such prepayment.

6. Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, notice of intention to accelerate maturity, notice of acceleration of maturity, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

7. Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice or demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written. Either party may change its address by like notice to the other party.

8. This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination, waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of Massachusetts.

**IN WITNESS WHEREOF**, Maker has executed this Note under seal on the date first above written.

**In the presence of:**   DL Group, L.L.C.

_____   _____
                          By TINA T. LE, Authorized Signatory

### ENDORSER AND GUARANTOR

The above PURCHASE MONEY NOTE is personally endorsed and guaranteed by the following parties:

_____
TINA T. LE, 301 Adams Street, Quincy, MA 02169


_____
DAMON DO, 1 Bellvista Road, Worcester, MA 01602


_____
STEVEN NGUYEN, 301 Adams Street, Quincy, MA 02169

_____
MISA TANG, 301 Adams Street, Quincy, MA 02169

L100804S3.doc

6. Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, notice of intention to accelerate maturity, notice of acceleration of maturity, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

7. Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice or demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written. Either party may change its address by like notice to the other party.

8. This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination, waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of Massachusetts.

**IN WITNESS WHEREOF**, Maker has executed this Note under seal on the date first above written.

In the presence of:                                         DL Group, L.L.C.

_____                             _____
                                                            By TINA T. LE, Authorized Signatory

### ENDORSER AND GUARANTOR

The above PURCHASE MONEY NOTE is personally endorsed and guaranteed by the following parties:

_____
TINA T. LE, 301 Adams Street, Quincy, MA 02169

_____
DAMON DO, 1 Bellvista Road, Worcester, MA 01602

_____
STEVEN NGUYEN, 301 Adams Street, Quincy, MA 02169

_____
MISA TANG, 301 Adams Street, Quincy, MA 02169

L1008048S.doc

Please record and return to:

STEPHEN M. SCOLNICK, ESQ.
LAW OFFICES OF RUSSO & SCOLNICK
TWO OLIVER STREET, EIGHTH FLOOR
BOSTON, MA 02109

## PURCHASE MONEY MORTGAGE DEED

**MORTGAGE DEED**, dated October 26, 2004, made by DL GROUP, L.L.C., a Massachusetts Limited Liability Company, having an address at 204 North Montello Street, Brockton, MA 02301 ("grantor") to STEVEN A. RUBIN, TRUSTEE OF THE SA RUBIN REALTY TRUST, under a Declaration of Trust dated October 9, 2002, recorded with Plymouth County Registry of Deeds, Book 23092, Page 35, having an address at 11 Katelyn Hill Drive, West Falmouth, MA 02574 ("grantee").

**WITNESSETH**, that to secure the payment of an indebtedness in the sum of Five Hundred Seventy Seven Thousand Five Hundred Dollars ($577,500.00), to be paid with interest thereon in accordance with a certain Note of even date herewith, and for good and valuable consideration the receipt and sufficiency whereof hereby are acknowledged, the grantor hereby grants, bargains, sells and conveys to the grantee, with **MORTGAGE COVENANTS**, the following property (hereinafter referred to as the "premises"):

**ALL** those certain plots, pieces or parcels of land, with the buildings and improvements thereon erected, situate, lying and being in Brockton, the County of Plymouth and the Commonwealth of Massachusetts, being more particularly described in Exhibit A attached hereto and made a part hereof;

**TOGETHER** with all right, title and interest, if any, of the grantor in and to any streets and roads abutting said premises to the center lines thereof;

**TOGETHER** with the appurtenances and all the estate and rights of the grantor in and to said premises;

**TOGETHER** with all right, title and interest of grantor in and to any and all fixtures, chattels and articles of personal property attached to or used in connection with the aforesaid Premises, including without limitation furnaces, boilers, oil burners, radiators, piping and plumbing fixtures, refrigeration, air conditioning and sprinkler systems, gas and electrical fixtures, awnings, screens, window shades, elevators, motors, dynamos, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings on the Premises, and any and all replacements thereof and additions thereto;

**TOGETHER** with all awards heretofore or hereafter made to grantor for any taking by eminent domain of all or any part of the Premises or any easement therein, including any awards for changes of grade of streets, which awards hereby are assigned to grantee who is authorized to

collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply them to the payment of the indebtedness secured hereby;

**TO HAVE AND TO HOLD** said premises unto the grantee and the heirs, successors and assigns of the grantee forever, for the purpose of securing the payment of said Note.

**AND** the grantor covenants with the grantee as follows:

1. The grantor shall pay the indebtedness as provided in the Note.

2. The grantor shall keep the buildings on the premises insured against loss or damage by fire, for the benefit of the grantee; shall assign and deliver the policies to the grantee; and shall reimburse the grantee on demand for any insurance premiums paid for by the grantee on the grantor's default in so insuring the buildings or in so assigning or delivering said policies, with interest at the rate provided for in the Note, and the same shall be added to the principal secured hereby. In addition, the grantor, within ten days after notice and demand, shall keep the premises insured against war risk and such other hazards as the grantee reasonably may request. The insurance policies shall contain the usual extended coverage endorsement and shall be in such amounts and with such companies as shall be satisfactory to the grantee. The grantor shall purchase such insurance, shall pay the premiums therefor and shall deliver to the grantee such policies and evidence of premium payment so long as any indebtedness secured hereby remains unpaid. The grantee may settle all claims on such insurance and collect all insurance proceeds. Any proceeds from such insurance, at the option of the grantee, may be applied to any indebtedness secured hereby in such order as the grantee shall determine. Any amounts paid by the grantee for insurance premiums, with interest at the rate provided for in the Note, shall be a lien on the premises secured by this Mortgage Deed.

3. No building on the premises shall be substantially altered, removed or demolished without the prior written consent of the grantee, except to the extent necessary to carry on grantor's business. The grantor shall immediately repair/replace the roofs as needed and keep the premises in as good order, repair and condition as they now are, reasonable wear and tear excepted, shall not commit or permit any waste of the premises, and shall comply with all governmental rules, regulations and requirements of law applicable to the premises or the use thereof.

4. The grantor shall pay all real estate taxes, assessments, water charges and sewer rents, and in default thereof, the grantee may pay the same and the grantor on demand shall repay the amount so paid with interest at the rate provided for in the Note and the same shall be added to the principal secured hereby. The grantor, upon the request of the grantee, shall deposit with the grantee such sums as the grantee may require for the payment of future real estate taxes, assessments, water charges and sewer rents, and insurance premiums, and shall pay to the grantee monthly, on the day of each month which corresponds with the day on which payment is due under the Purchase Money Note, an amount equal to one-twelfth (1/12th) of the annual real estate taxes, assessments, water charges and sewer rents and insurance premiums affecting the premises, or if not known one-twelfth of the grantee's reasonable estimate thereof, which payments may be applied by the grantee to the payment of said real estate taxes, assessments, water charges and sewer rents, and insurance premiums as the same become due. If such payments are insufficient to pay said real estate taxes, assessments, water charges and sewer

2

rents, and insurance premiums when due, the grantor shall pay to the grantee the amount of any deficiency on demand.

5. The whole of the aforesaid principal sum shall become due and payable at the option of the grantee: (a) after default in the payment of any installment of principal or interest for ten days; or (b) after default in the payment of any real estate taxes, assessments, water charges or sewer rents affecting the premises for ten days after written notice and demand, or after default in making deposits for real estate taxes, assessments, water charges or sewer rents, or insurance premiums, as herein above provided; or (c) after default for ten days after notice and demand in insuring the buildings on the premises, or in assigning and delivering the policies insuring the buildings, or in reimbursing the grantee for premiums paid on such insurance, as herein above provided; or (d) after default upon request in furnishing a statement of the amount due on this Mortgage Deed and whether any offsets or defenses exist against the indebtedness secured hereby, as hereinafter provided; or (e) after the actual or threatened alteration, demolition or removal of any building on the premises without the prior written consent of the grantee; or (f) if the buildings on said premises are not maintained in reasonably good repair; or (g) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental authority having jurisdiction over the premises within three months from the issuance thereof; or (h) if on application of the grantee two or more fire insurance companies lawfully doing business in the Commonwealth of Massachusetts refuse to issue policies insuring the buildings on the premises; or (i) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages, reservations of title or other encumbrances thereon; or (j) after the assignment of the rents of the premises or any part thereof without the prior written consent of the grantee; or (k) after thirty days written notice to the grantor in the event of the passage of any law deducting from the value of land for purposes of taxation any lien thereon, or changing in any way the taxation of debts secured by real property for state or local purposes; or (l) if the grantor, for ten days after written notice and demand, fails to keep, observe or perform any of the covenants, conditions or agreements contained in any prior mortgage deed or fails to repay to the grantee on demand the amount of any installment of principal or interest which the grantee may have paid on such mortgage deed, with interest at the rate provided for in the Note; or (m) if the grantor, for ten days after written notice and demand, fails to keep, observe or perform any of the other covenants, conditions or agreements contained in this Mortgage Deed.

6. The holder of this Mortgage Deed, in any action to foreclose this Mortgage Deed or sell the premises, shall be entitled to the appointment of a receiver of the rents, issues and profits of the premises.

7. In case of a foreclosure sale, said premises, or so much thereof as may be affected by this Mortgage Deed, may be sold in one or several parcels.

8. The grantor, within ten days after request, shall furnish a duly acknowledged certificate stating the amount due on this Mortgage Deed and stating whether there are any offsets or defenses against the indebtedness secured hereby.

9. The grantor warrants that the grantor has good and indefeasible title to the premises, in fee simple and will provide title insurance naming the grantee as first mortgage lender with a title company approved by grantee's legal counsel; that the grantor is seized and possessed of the premises and every part thereof, and has the right to convey the same; that the premises is free from all liens, claims and encumbrances except as may be expressly provided herein; and that the grantor shall forever warrant and defend the title to the premises unto the grantee and the heirs, successors or assigns of the grantee against all lawful claims of all persons. The grantor releases and relinquishes all rights of homestead in and to the premises.

10. If any action or proceeding be commenced (except an action to foreclose this Mortgage Deed or to collect the indebtedness secured hereby), to which action or proceeding the grantee is made a party, or in which it becomes necessary to defend or uphold the lien of this Mortgage Deed, all sums paid by the grantee for the expenses of any litigation to prosecute or defend the rights or lien created by this Mortgage Deed (including reasonable attorneys' fees), shall be paid by the grantor on demand, with interest at the rate provided for in the Note, and shall be added to the principal secured hereby. In any action or proceeding to foreclose this Mortgage Deed, or to recover or collect the indebtedness secured hereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by the preceding covenant. In any action or proceeding to foreclose this Mortgage Deed or sell the premises, counsel fees in an amount equal to 3 percent of the unpaid balance, together with all costs and disbursements, are to be borne by the grantor, and the same shall be included in any judgment of foreclosure and sale that may be entered and shall be a lien on the premises secured by this Mortgage Deed.

11. The grantor hereby assigns to the grantee a security interest in the rents, issues and profits of the premises as further security for the payment of the indebtedness secured hereby. Upon the occurrence of an event of default as set out in paragraph #5 above, the grantor grants to the grantee the right to enter upon and to take possession of the premises for purposes of collecting the same and to let the premises or any part thereof, and to apply said rents, issues and profits, after payment of all necessary charges and expenses, on account of the indebtedness secured hereby.

12. The grantor shall not sell, convey, mortgage or otherwise transfer or encumber the premises or any part thereof without the prior written consent of the grantee in each instance.

13. The grantor shall have the right to prepay the indebtedness evidenced by the Note, in whole or in part, without penalty, upon ten days prior written notice to the grantee.

14. This is a purchase money mortgage deed, executed and delivered by the grantor in connection with the purchase of the premises by the grantor from the grantee.

15. Notices and demands or requests shall be in writing and may be served in person or by Federal Express courier or by certified or registered mail, return receipt requested, with postage prepaid.

16. This Mortgage Deed shall be governed by the laws of Massachusetts. This Mortgage Deed may not be changed or terminated orally. The covenants contained in this Mortgage Deed shall run with the land and bind the grantor and the heirs, executors, administrators, legal

4

representatives, successors and assigns of the grantor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall inure to the benefit of the grantee and the heirs, executors, administrators, legal representatives, successors and assigns of the grantee.

This Mortgage Deed is made upon the **STATUTORY CONDITION**, for breach of which the grantee shall have the **STATUTORY POWER OF SALE**.

**IN WITNESS WHEREOF**, this Mortgage Deed has been duly executed by the grantor under seal on the date first above written.

**In the presence of:**

DL GROUP, L.L.C.

By TINA T. LE, Authorized Signor

COMMONWEALTH OF MASSACHUSETTS, COUNTY OF SUFFOLK, ss.

On this 26th day of October, 2004, before me, the undersigned notary public, personally appeared TINA T. LE, proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the foregoing Mortgage Deed, and she acknowledged that she signed it voluntarily for its stated purpose.

Notary Public
My commission expires on

L100804S3

5

## EXHIBIT A

### PARCEL I.   11 Rosseter Street, Brockton, MA

A certain parcel of land situated on the south side of Rosseter Street, in said Brockton, bounded and described as follows:

**BEGINNING** at a point in the Southerly line of said Rosseter Street, EIGHTY (80) feet from the Easterly line of North Main Street; thence

**SOUTHERLY** by land now or formerly of Henry E. Vincent and Charles E. Curley, ONE HUNDRED THIRTY-TWO (132) feet, more or less, to land now or formerly of Charles F. Porter; thence

**EASTERLY** in a line parallel with said Rosseter Street and by lands now or formerly of said Porter and others, ONE HUNDRED SIXTY-FIVE (165) feet; thence

**NORTHERLY** in a line parallel with said North Main Street, ONE HUNDRED THIRTY-TWO (132) feet, more or less, to a stone bound in the south line of said Rosseter Street; thence

**WESTERLY** by said Rosseter Street, ONE HUNDRED SIXTY-FIVE (165) feet to the point of beginning.

Subject to a right-of-way, TWENTY (20) feet wide by ONE HUNDRED THIRTY-TWO (132) feet deep, which has its westerly bound identical with the westerly bound of the within granted premises.

Subject also to a restriction that no building or other structure shall be built or erected within FIFTEEN (15) feet of the Easterly line of the above described premises.

For reference see deed recorded with Plymouth Country Registry of Deeds in Book 23092, Page 41 and deed recorded herewith.

### Parcel II.   16 Rosseter Street, Brockton, MA

A certain parcel of land situated on the Northerly side of Rosseter Street in Brockton, containing 12,950 square feet and bounded and described as follows:

**BEGINNING** at a point in the Northerly line of Rosseter Street, said point being located ONE HUNDRED AND FIFTEEN (115.0) feet Easterly from the Easterly line of North Main Street; thence

**NORTHERLY** by land now or formerly of Peter Canelias ONE HUNDRED AND THREE AND NINE TENTHS (103.9) feet more or less to a corner and land of, or formerly of, Emile J. and Ruth E. Nadeau; thence

**EASTERLY** by land of said Emile J. and Ruth E. Nadeau and land now or formerly of Freda I. Jones and Logan Company, ONE HUNDRED AND EIGHTEEN (118.0) feet more or less to a corner, being the Northwesterly corner of land now or formerly of Chester L. Sears; thence

**SOUTHERLY** by land of said Chester L. Sears ONE HUNDRED AND SEVENTEEN AND ONE TENTH (117.1) feet more or less to the Northerly line of Rosseter Street; thence

**WESTERLY** by said Northerly line of Rosseter Street ONE HUNDRED AND FIFTEEN (115.0) feet to the point of beginning.

The above described parcel is shown as Plot 1 Rosseter Street in Brockton, assessors' plan 108.

For title see deed recorded with Plymouth County Registry of Deeds in Book 23092, Page 41 and deed recorded herewith.

**Parcel III.    213-223 North Main Street, Brockton, MA**

Brockton, Plymouth County, Massachusetts, situated on the Easterly side of North Main Street and the Northerly side of Rosseter Street, bounded and described as follows:

**BEGINNING** at the Southwest corner of the granted premises in the Easterly line of said North Main Street, at its intersection with the Northerly line of said Rosseter Street; thence

**NORTHERLY** by said North Main Street, NINETY (90) feet, more or less, to land now or formerly of John Rubin; thence

**EASTERLY** by said land now or formerly of said Rubin, ONE HUNDRED TWELVE AND 02/10 (112.2) feet to land now or formerly of B.E. Jones; thence

**SOUTHERLY** by said land now or formerly of said B.E. Jones, ONE HUNDRED THREE AND 09/10 (103.9) feet to said Rosseter Street; and thence

**WESTERLY** by said Rosseter Street, ONE HUNDRED FIFTEEN (115.0) feet, more or less, to said North Main Street and the point of beginning.

Together with the rights of record appurtenant thereto.

For title reference see deed recorded with Plymouth County Registry of Deeds in Book 23092, Page 41 and deed recorded herewith.

**Parcel IV.    204 North Montello Street, Brockton, MA**

A certain parcel of land, in said Brockton, bounded and described as follows:

**SOUTHEASTERLY** by the Northwesterly line of North Montello Street, ONE HUNDRED TWENTY-FOUR AND 39/100 (124.39) feet;

**SOUTHERLY** by the Northerly curving line forming the junction of said North Montello Street and Rosseter Street, THIRTY AND 38/100 (30.38) feet;

**SOUTHWESTERLY** by the Northeasterly line of said Rosseter Street, TWO HUNDRED NINE AND 45/100 (209.45) feet;

**NORTHWESTERLY** by land now or formerly of Gerald F. Bullock, ONE HUNDRED SEVENTEEN AND 31/100 (117.31) feet; and

**NORTHEASTERLY** by land now or formerly of Susie B. Sims, TWO HUNDRED TWENTY TWO AND 75/100 (222.75) feet.

All of said boundaries are determined by the Court to be located as shown on plan #33387A drawn by Roy C. Anderson Jr., Surveyor, dated October 19, 1964, as modified and approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed with Certificate of Title No. 37516.

See Certificate of Title Number 40132 and Document #516495 and deed recorded herewith.

**Parcel V.    227 North Main Street, Brockton, MA**

The land in Brockton, Plymouth County; Massachusetts, with the buildings hereon, situated on the easterly side of North Main Street, numbered 227 thereon, bounded and described as follows:

**BEGINNING** at a point in the east line of said street at the northwest corner of land now or formerly of B.E. Jones; thence

**EASTERLY** by said Jones land, 140 feet more or less, to land formerly of C.R. Ford; thence

**NORTHERLY** by said land formerly of said Ford, 70 feet to other land formerly of said Ford; thence

**WESTERLY** by said other land formerly of said Ford, 140 feet, to the east line of said street; thence

**SOUTHERLY** by said street, 70 feet, to the point of beginning.

3

All of said measurements being more or less, or however otherwise said premises may be bounded and described.

Said premises are presently known and numbered as 227 North Main Street, Brockton, Massachusetts.

The above described premises are conveyed together with benefit of and subject to all rights, rights of way, restrictions, easements and reservations of record if the same are in force and applicable.

For Grantor's Title, see said Plymouth Registry of Deeds, Book 27794, Page 261 and deed recorded herewith.

L102204S121