UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 NOV 17 P 1: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| 301 ADAMS STREET, QUINCY, ) | |
| MASSACHUSETTS; 1548-1558 ) | |
| DORCHESTER AVENUE, DORCHESTER, ) | |
| MASSACHUSETTS; FIVE (5) CERTAIN ) | Civil Action No. 04-12582-RCL |
| PARCELS OF LAND WITH THE ) | |
| BUILDING(S) THEREON IN BROCKTON ) | |
| PLYMOUTH COUNTY, MASSACHUSETTS, ) | |
| COMMONLY KNOWN AS 11 ROSSETER ) | |
| STREET, 16 ROSSETER STREET, ) | |
| 213-223 NORTH MAIN STREET, 204 ) | |
| NORTH MONTELLO STREET, AND 227 ) | |
| NORTH MAIN STREET, INCLUDING ALL ) | |
| APPURTENANCES AND IMPROVEMENTS ) | |
| THEREON; $67,561.88 IN UNITED ) | |
| STATES CURRENCY; AND $26,776.42 IN ) | |
| UNITED STATES CURRENCY, SEIZED ) | |
| FROM ASIAN AMERICAN BANK CHECKING) | |
| ACCOUNT NUMBER 310029269, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF CLAIMANT ASIAN AMERICAN BANK & TRUST COMPANY

Pursuant to Rule C(6)(a)(iii) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Asian American Bank & Trust Company ("AABTC") hereby answers the Amended Verified Complaint For Forfeiture *In Rem* of Plaintiff, the United States of America, as follows:

1. Paragraph 1 states conclusions of law to which no response is required.

-2-

2. AABTC is without knowledge of facts or information sufficient to allow it to respond to Paragraph 2 and therefore, if a response was required, would deny such allegations. Paragraph 2 also states a conclusion of law to which no response is required.

3. AABTC is without knowledge of facts or information sufficient to allow it to respond to Paragraph 3 and therefore, if a response was required, would deny such allegations, except that AABTC admits that $26,776.42 in United States Currency was seized from AABTC Checking Account Number 310029269.

4. AABTC is without knowledge of facts or information sufficient to allow it to respond to Paragraph 4 and to allow it to respond to the Affidavit of Federal Bureau of Investigation Special Agent Brad Carpenter (which is attached to the Verified Complaint For Forfeiture *In Rem* as Exhibit A and incorporated therein by reference) and therefore, if a response was required, would deny such allegations. Paragraph 4 also states conclusions of law, to which no response is required. To the extent, however, that Paragraph 4 and the Affidavit of Special Agent Carpenter allege that the proceeds subject to AABTC's Verified Claim are subject to seizure and forfeiture, AABTC specifically denies the allegation.

5. AABTC is without knowledge of facts or information sufficient to allow it to respond to Paragraph 5 and therefore, if a response was required, would deny such allegations. Paragraph 5 also states conclusions of law, to which no response is required. To the extent, however, that Paragraph 5 alleges that the proceeds subject to AABTC's Verified Claim are subject to seizure and forfeiture, AABTC specifically denies the allegation.

WHEREFORE, AABTC respectfully requests that this Honorable Court:

(a) deny the United States of America's requests for judgment of forfeiture and disposal of the property subject to the Amended Verified Complaint For Forfeiture *In Rem*;

(b) order that the amount of $5,994.20, the amount claimed by AABTC in its Verified Claim, be returned to AABTC; and

(c) order AABTC costs and all other relief to which AABTC is entitled, or which this Honorable Court finds may be just and proper.

Respectfully submitted,

**ASIAN AMERICAN BANK & TRUST COMPANY**

By its attorneys,

John R. Skelton BBO # 552606
T. Peter R. Pound BBO # 657378
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Tel. (617) 951-8728
Fax (617) 951-8736

Dated: November 17, 2005

### CERTIFICATE OF SERVICE

I, T. Peter R. Pound, do hereby certify that on this 17th day of November, 2005, a true copy of the above Answer of Asian American Bank & Trust Company was served upon all counsel of record by First Class Mail.

T. Peter R. Pound