```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
          Plaintiff,              )
                                  )
     v.                           )Civil Action No. 04-12582-RCL
                                  )
301 ADAMS STREET, QUINCY,         )
MASSACHUSETTS; 1548-1558          )
DORCHESTER AVENUE, DORCHESTER,    )
MASSACHUSETTS; FIVE (5) CERTAIN   )
PARCELS OF LAND WITH THE          )
BUILDINGS(S) THEREON IN BROCKTON  )
PLYMOUTH COUNTY, MASSACHUSETTS,   )
COMMONLY KNOWN AS 11 ROSSETER     )
STREET, 16 ROSSETER STREET,       )
213-223 NORTH MAIN STREET, 204    )
NORTH MONTELLO STREET, AND 227    )
NORTH MAIN STREET, INCLUDING ALL  )
APPURTENANCES AND IMPROVEMENTS    )
THEREON; $67,561.88 IN UNITED     )
STATES CURRENCY; and $26,776.42 IN )
UNITED STATES CURRENCY, SEIZED    )
FROM ASIAN AMERICAN BANK CHECKING )
ACCOUNT NUMBER 310029269,         )
          Defendants.             )
_____)
TINA LE,                          )
BROADWAY ENTERPRISES, INC.,       )
ASIAN AMERICAN BANK & TRUST       )
     COMPANY,                     )
STEVEN A. RUBIN, and              )
AURORA LOAN SERVICES,             )
          Claimants.              )
_____)
```

**ASSENTED-TO MOTION TO STAY**
**<u>CIVIL FORFEITURE PROCEEDING</u>**

The United States of America, by undersigned counsel, hereby moves that the Court enter an order pursuant to 18 U.S.C. § 981(g) staying this civil forfeiture case until the related pending criminal case, <u>United States v. Tina Le, et al.</u>, Criminal Action No. 05-10277-PBS, has been disposed of at the trial court

level, either through a verdict or by way of a plea.  As grounds therefor, the United States submits the following:

    1.    The United States filed this *in rem* action on December 9, 2004.  The original Complaint sought the forfeiture of the three named real properties (the "Real Properties"), pursuant to 18 U.S.C. § 981 and 31 U.S.C. § 5317.

    2.    On December 15, 2004, agents executed a federal search warrant at 301 Adams Street, Quincy, Massachusetts, and seized, *inter alia*, $67,561.88 in United States currency (the "Currency").  Also on December 15, 2004, agents executed a number of federal seizure warrants, including a seizure warrant for all funds on deposit in Asian American Bank checking account number 310029269 (the "Bank Account").  On May 19, 2005, this Court allowed the United States' motion to amend its original complaint to add the Currency and the Bank Account as *in rem* defendants.

    3.    To date, five verified claims have been filed in this civil forfeiture action.  On October 28, 2005, Asian American Bank & Trust Company filed a Verified Claim, and on November 17, 2005, it filed an Answer.  Tina Le filed an Answer on November 3, 2005, and an Amended Verified Claim on November 10, 2005.  Finally, Broadway Enterprises, Inc. filed an Answer on October 31, 2005, and a Verified Claim on November 14, 2005.  Steven A. Rubin filed a Verified Claim on December 2, 2005, but has not yet filed an answer.  Aurora Loan Services filed a Verified Claim on

December 6, 2005, but has not yet filed an answer.

    4.   On October 12, 2005, a federal grand jury sitting in the District of Massachusetts returned a twenty-five count Indictment charging Defendants Tina Le, a/k/a Tien T. Le, Steven Nguyen, a/k/a Mong Trung Nguyen, and Mercedes Acar, a/k/a Mercedes Tang, a/k/a Mercedes Luu, a/k/a Phuong Linh Tang, (collectively, the "Defendants") with, <u>inter alia</u>, conspiracy, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  <u>See</u> <u>United States v. Tina Le, et al.</u>, Criminal Action No. 05-10277-PBS.  The Indictment also contained two forfeiture allegations, stating that, in the event of their convictions, the Defendants would forfeit, pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461(c), certain assets to the United States.  The Indictment specifically seeks forfeiture of the Real Properties, the Currency and the Bank Account, the <u>in rem</u> defendants in this civil forfeiture action.

    5.   18 U.S.C. §981(g) provides: "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. §981(g)(4) defines a "related" criminal case or investigation as:

>    an actual prosecution or investigation in
>    progress at the time at which the request for
>    the stay, or any subsequent motion to lift
>    the stay is made. In determining whether a
>    criminal case or investigation is "related"
>    to a civil forfeiture proceeding, the court
>    shall consider the degree of similarity
>    between the parties, witnesses, facts, and
>    circumstances involved in the two
>    proceedings, without requiring an identity
>    with respect to any one or more factors.

6.    As the statutory language suggests, where there is a related criminal proceeding, a stay is necessary in order to prevent civil discovery from interfering with the related criminal proceeding.  See United States v. Cunan, 156 F.3d 110, 118, n.9 and n.11 (1st Cir. 1998).

7.    Here, the pending criminal proceeding, United States v. Tina Le, et al., arises out of the same facts and circumstances as the instant civil forfeiture action.  Given the substantial overlap between the criminal and civil actions, allowing this civil forfeiture action to proceed at this time will adversely affect the ability of the Government to prosecute the related criminal case.

8.    Counsel for the United States has conferred with counsel for Claimants Tina Le, Broadway Enterprises, Inc., Asian American Bank & Trust Company, Steven A. Rubin and Aurora Loan Services, and all five Claimants assent to the relief requested herein.

WHEREFORE, the United States respectfully requests that the Court enter an order pursuant to 18 U.S.C. § 981(g) staying this civil forfeiture case until the related pending criminal case, <u>United States v. Tina Le, et al.</u>, Criminal Action No. 05-10277-PBS, has been disposed of at the trial court level, either though a verdict or by way of a plea.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                By:  <u>/s/Kristina E. Barclay</u>
                                        KRISTINA E. BARCLAY
                                        Assistant U.S. Attorney
                                        U. S. Attorney's Office
                                        John Joseph Moakley
                                        United States Courthouse
                                        1 Courthouse Way, Suite 9200
Date: December 6, 2005            Boston, MA  02210

**CERTIFICATE OF SERVICE**

    This is to certify that a true copy of the above document was served upon counsel for all claimants addressed as follows:

| | |
|---|---|
| John R. Skelton, Esquire<br>T. Peter R. Pound, Esquire<br>Bingham McCutchen LLP<br>150 Federal Street,<br>Boston, MA 02110 | William T. Cowan, Esquire<br>John J. Tangney, Jr., Esquire<br>Kristen S. Scammon, Esquire<br>Mintz, Levin, Cohn, Ferris,<br>Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111 |
| Steven M. Scolnick, Esq.<br>Russo & Scolnick<br>Two Oliver Street<br>Eighth Floor<br>Boston, MA 01209 | Jeffrey A. Denner, Esq.<br>Brad Bailey, Esq.<br>DENNER O'MALLEY, LLP<br>Four Longfellow Place, 35th Floor<br>Boston, MA  02114 |

Veronica C. Viveiros
Harmon Law Offices, P.C.
150 California Street
P.O. Box 610389
Newton, MA 02458

Dated: December 6, 2005       /s/ Kristina E. Barclay
                                           KRISTINA E. BARCLAY
                                           Assistant U.S. Attorney