```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,           )
            Plaintiff,              )
                                    )
     v.                             )Civil Action No. 04-12582-RCL
                                    )
301 ADAMS STREET, QUINCY,           )
MASSACHUSETTS; 1548-1558            )
DORCHESTER AVENUE, DORCHESTER,      )
MASSACHUSETTS; FIVE (5) CERTAIN     )
PARCELS OF LAND WITH THE            )
BUILDINGS(S) THEREON IN BROCKTON    )
PLYMOUTH COUNTY, MASSACHUSETTS,     )
COMMONLY KNOWN AS 11 ROSSETER       )
STREET, 16 ROSSETER STREET,         )
213-223 NORTH MAIN STREET, 204      )
NORTH MONTELLO STREET, AND 227      )
NORTH MAIN STREET, INCLUDING ALL    )
APPURTENANCES AND IMPROVEMENTS      )
THEREON; $67,561.88 IN UNITED       )
STATES CURRENCY; and $26,776.42 IN  )
UNITED STATES CURRENCY, SEIZED      )
FROM ASIAN AMERICAN BANK CHECKING   )
ACCOUNT NUMBER 310029269,           )
            Defendants.             )
_____)
TINA LE,                            )
BROADWAY ENTERPRISES, INC.,         )
ASIAN AMERICAN BANK & TRUST         )
     COMPANY,                       )
STEVEN A. RUBIN,                    )
AURORA LOAN SERVICES, and           )
GREENPOINT MORTGAGE FUNDING, INC., )
            Claimants.              )
_____)
```

**JOINT MOTION FOR
<u>INTERLOCUTORY SALES OF REAL PROPERTIES</u>**

The United States of America, by its attorney, and Claimants Tina Le, Steven A. Rubin, Aurora Loan Services, and Greenpoint Mortgage Funding, Inc., by their respective attorneys (collectively, the "Parties"), hereby jointly move that this Court enter an Order, in the form submitted, permitting the

interlocutory sales of the following real properties:

    a.    the real property and buildings located at 301 Adams Street, Quincy, Massachusetts, having a deed recorded at the Norfolk County Land Court, as Document No. 1025853, noted on Certificate of Title No. 167544 ("301 Adams"), currently owned by Tina Le;

    b.    the real property and buildings located at 1548-1558 Dorchester Avenue, Dorchester, Massachusetts, having a deed recorded at the Suffolk County Registry of Deeds at Book 32823, Page 262, ("1548 Dorchester"), currently owned by Tina Le; and

    c.    five (5) certain parcels of land with the buildings(s) thereon in Brockton, Plymouth County, Massachusetts, commonly known as 11 Rosseter Street, 16 Rosseter Street, 213-223 North Main Street, 204 North Montello Street, and 227 North Main Street, having a deed recorded at the Plymouth County Registry of Deeds at Book 29342, Page 298 ("204 North Montello"), currently owned by DL Group, L.L.C.,

(collectively, the "Defendant Real Properties"). In addition, the Parties jointly move that this Court authorize the United States Marshals Service ("USMS") to receive and hold the net proceeds of the sale of the Defendant Real Properties in its Seized Assets Deposit Fund ("SADF"), an interest-bearing account, pending the outcome of this case and the criminal case United States v. Tina Le, et al., Criminal Action No. 05-10277-PBS. As reasons therefor, the Parties state as follows:

    1.    On May 18, 2005, the United States filed the instant civil in rem action, seeking forfeiture of, inter alia, the Defendant Real Properties, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(A), and Title 31,

United States Code, Section 5317(c)(1) and (c)(2)[1].

2. Tina Le filed an Amended Verified Claim to the Defendant Real Properties on November 14, 2005. Steven A. Rubin filed a Verified Claim to 204 North Montello on December 6, 2005. Aurora Loan Services filed a Verified Claim to 301 Adams on December 6, 2005. Greenpoint Mortgage Funding, Inc. filed a Verified Claim to 1548 Dorchester on December 16, 2005. To date, no other claims to the Defendant Real Properties have been filed and the time for filing such claims has expired.

3. On October 12, 2005, the federal grand jury of this District returned an Indictment charging Tina Le and others with, inter alia, conspiracy, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). The Forfeiture Allegations of the Indictment seek the forfeiture of the Defendant Real Properties pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

4. On December 29, 2005, the Court endorsed the United States' Assented-To Motion to Stay Civil Forfeiture Proceedings, staying this case until the related criminal case has been disposed of at the trial court level.

---

[1]The United States initially filed a Verified Complaint for Forfeiture in Rem on December 9, 2004, against the Defendant Real Properties. However, after the search of the three properties on December 15, 2004, an amended Verified Complaint for Forfeiture was filed which included additional in rem assets that were seized.

5. All parties claiming an interest in the Defendant Real Properties agree that the Defendant Real Properties should now be sold, and the net proceeds of sales, after the expenses outlined in Paragraph 8 below, shall be held by the USMS in the SADF, pending the conclusion of this case and the criminal case United States v. Tina Le, et al., Criminal Action No. 05-10277-PBS[2].

6. A number of statutory provisions permit the Court to authorize the interlocutory sale of property alleged to be subject to civil or criminal forfeiture, with the proceeds to be retained by the USMS in an interest-bearing account, pending the conclusion of the criminal forfeiture proceedings. In a civil forfeiture action, the Court may take any "action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture." 18 U.S.C. § 983(j)(1)(A); see also 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. §§ 982(b)(1), and by 28 U.S.C. § 2264(c) (in a criminal case, the Court is authorized to take any action "to preserve the availability of property" that has been named in an indictment as subject to forfeiture in the

---

[2] On November 3, 2005, based on the Forfeiture Allegations of the Indictment, Judge Saris issued a Restraining Order in United States v. Tina Le, et al., Criminal Action No. 05-10277-PBS to prevent Tina Le, and all other persons with notice of the Restraining Order, from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of any of the Defendant Real Properties. If the Court grants this Motion, the United States will notify Judge Saris that the Defendant Real Properties will be sold, pursuant to agreement of the Parties and order of this Court, and ask Judge Saris to vacate the Restraining Order.

event of a conviction).

7. The proposed interlocutory sales of the Defendant Real Properties will not affect these civil proceedings, or the related criminal proceedings, nor will they cause prejudice to any party.

8. The Parties jointly state that an Order allowing the proposed interlocutory sales of the Defendant Real Properties and authorizing and directing the USMS to receive and hold the net proceeds in the SADF will aid in preserving the availability of the Defendant Real Properties for forfeiture, and provides the best means of maximizing and preserving the equity in the Defendant Real Properties. The Parties agree that the interlocutory sales of the Defendant Real Properties will take place on the following terms:

    a. The USMS shall sell the Defendant Real Properties. The USMS shall arrange for, and shall have sole control of, the sales of the Defendant Real Properties, in accordance with the regulations prescribed by the Department of Justice and the policies regarding the disposition of forfeited property. The USMS may, among other things, retain real estate brokers and other professionals in its reasonable best efforts to market and sell the Defendant Real Properties at the highest possible prices. The USMS shall have sole discretion in negotiating, accepting, and rejecting offers for the Defendant Real Properties.

    b. At each closing, a check, made payable to the United States Marshals Service for the full sale price, shall be delivered to the USMS. The USMS shall distribute the sale proceeds in the following manner and order:

      (i)    all costs and expenses reasonably incurred by the United States in marketing and selling the relevant Defendant Real Property;

      (ii)   the cost of any comprehensive insurance on the relevant Defendant Real Property;

      (iii) any outstanding real estate taxes due with respect to the relevant Defendant Real Property;

      (iv)   any valid and superior liens, attachments, or encumbrances of record, with respect to the relevant Defendant Real Property; and

      (v)    the USMS shall deposit the remaining net balance of the sale proceeds in the SADF, an interest-bearing account, under the sole custody and control of the USMS, pending the outcome of this case and the criminal case United States v. Tina Le, et al., Criminal Action No. 05-10277-PBS.

c.    By the time of each closing, the United States shall file a motion with this Court for a release of the Lis Pendens against the relevant Defendant Real Property; and

d.    At the conclusion of all civil and criminal forfeiture proceedings relating to the Defendant Real Properties, the net proceeds held by the USMS will be disposed of according to law.

WHEREFORE, the Parties jointly move that this Court enter an Order pursuant to 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. §§ 982(b)(1), and by 28 U.S.C. § 2264(c), authorizing the interlocutory sales of the Defendant Real Properties and directing the USMS to receive and hold the net proceeds in the SADF, an interest-bearing account. A proposed Order is submitted herewith for the consideration by the Court.

Respectfully submitted,

| | |
|---|---|
| TINA LE,<br>CLAIMANT | MICHAEL J. SULLIVAN,<br>UNITED STATES ATTORNEY |
| By: /s/R. Bradford Bailey<br>R. Bradford Bailey<br>Denner O'Malley LLP<br>Four Longfellow Place<br>Suite 3501<br>Boston, MA 02114<br>617-227-2800<br><br>Dated: February 28, 2006_ | By: /s/Kristina E. Barclay<br>Kristina E. Barclay<br>Assistant U.S. Attorney<br>1 Courthouse Way,<br>Suite 9200<br>Boston, MA 02210<br>617-748-3100<br>Kristina.Barclay@usdoj.gov<br><br>Dated: February 28, 2006 |
| STEVEN A. RUBIN,<br>CLAIMANT | AURORA LOAN SERVICES,<br>CLAIMANT |
| By: /s/Stephen M. Scolnick<br>Stephen M. Scolnick<br>Law Offices of Russo & Scolnick<br>Two Oliver Street, 8th Floor<br>Boston, MA 02109<br>617-542-7700<br><br>Dated: February 28, 2006 | By: Veronica C. Viveiros<br>Veronica C. Viveiros<br>Harmon Law Offices, P.C.<br>P.O. Box 610389<br>Newton Highland, MA 02461<br>617-558-0500<br><br>Dated: February 28, 2006 |

GREENPOINT MORTGAGE FUNDING, INC.,
CLAIMANT

By: /s/Irene D. Gilbert
Irene D. Gilbert
Senior Vice President General Counsel
Greenpoint Mortgage Funding, Inc.
100 Wood Hollow Drive
Novato, CA 94945
415-878-5390

Dated: February 28, 2006

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|         Plaintiff,        ) | |
|                            ) | |
|        v.                     )Civil Action No. 04-12582-RCL | |

```
UNITED STATES OF AMERICA,             )
          Plaintiff,                  )
                                      )
          v.                          )Civil Action No. 04-12582-RCL
                                      )
301 ADAMS STREET, QUINCY,             )
MASSACHUSETTS; 1548-1558              )
DORCHESTER AVENUE, DORCHESTER,        )
MASSACHUSETTS; FIVE (5) CERTAIN       )
PARCELS OF LAND WITH THE              )
BUILDINGS(S) THEREON IN BROCKTON      )
PLYMOUTH COUNTY, MASSACHUSETTS,       )
COMMONLY KNOWN AS 11 ROSSETER         )
STREET, 16 ROSSETER STREET,           )
213-223 NORTH MAIN STREET, 204        )
NORTH MONTELLO STREET, AND 227        )
NORTH MAIN STREET, INCLUDING ALL      )
APPURTENANCES AND IMPROVEMENTS        )
THEREON; $67,561.88 IN UNITED         )
STATES CURRENCY; and $26,776.42 IN    )
UNITED STATES CURRENCY, SEIZED        )
FROM ASIAN AMERICAN BANK CHECKING     )
ACCOUNT NUMBER 310029269,             )
          Defendants.                 )
_____)
TINA LE,                              )
BROADWAY ENTERPRISES, INC.,           )
ASIAN AMERICAN BANK & TRUST           )
     COMPANY,                         )
STEVEN A. RUBIN,                      )
AURORA LOAN SERVICES, and             )
GREENPOINT MORTGAGE FUNDING, INC.,    )
          Claimants.                  )
_____)
```

**ORDER FOR INTERLOCUTORY SALES**

It is hereby ORDERED, ADJUDGED, and DECREED that:

    The Joint Motion for Interlocutory Sales of Real Properties is allowed.

    The United States Marshals Service ("USMS") shall market and sell the following real properties, as provided by law:

a.   the real property and buildings located at 301 Adams Street, Quincy, Massachusetts, having a deed recorded at the Norfolk County Land Court, as Document No. 1025853, noted on Certificate of Title No. 167544 ("301 Adams"), currently owned by Tina Le;

b.   the real property and buildings located at 1548-1558 Dorchester Avenue, Dorchester, Massachusetts, having a deed recorded at the Suffolk County Registry of Deeds at Book 32823, Page 262, ("1548 Dorchester"), currently owned by Tina Le; and

c.   five (5) certain parcels of land with the buildings(s) thereon in Brockton, Plymouth County, Massachusetts, commonly known as 11 Rosseter Street, 16 Rosseter Street, 213-223 North Main Street, 204 North Montello Street, and 227 North Main Street, having a deed recorded at the Plymouth County Registry of Deeds at Book 29342, Page 298 ("204 North Montello"), currently owned by DL Group, L.L.C.,

(collectively, the "Defendant Real Properties").

The interlocutory sales of the Defendant Real Properties will take place on the following terms:

a.   The USMS shall sell the Defendant Real Properties. The USMS shall arrange for, and shall have sole control of, the sales of the Defendant Real Properties, in accordance with the regulations prescribed by the Department of Justice and the policies regarding the disposition of forfeited property. The USMS may, among other things, retain real estate brokers and other professionals in its reasonable best efforts to market and sell the Defendant Real Properties at the highest possible prices. The USMS shall have sole discretion in negotiating, accepting, and rejecting offers for the Defendant Real Properties.

b.   At each closing, a check, made payable to the United States Marshals Service for the full sale price, shall be delivered to the USMS. The USMS shall distribute the sale proceeds in the following manner and order:

        (i)    all costs and expenses reasonably incurred by the United States in marketing and selling the relevant Defendant Real Property;

        (ii)   the cost of any comprehensive insurance on the relevant Defendant Real Property;

        (iii) any outstanding real estate taxes due with respect to the relevant Defendant Real Property;

        (iv)   any valid and superior liens, attachments, or encumbrances of record, with respect to the relevant Defendant Real Property; and

        (v)    the USMS shall deposit the remaining net balance of the sale proceeds in the Seized Assets Deposit Fund, an interest-bearing account, under the sole custody and control of the USMS, pending the outcome of this case and the criminal case <u>United States v. Tina Le, et al.</u>, Criminal Action No. 05-10277-PBS.

    c.    By the time of each closing, the United States shall file a motion with this Court for a release of the <u>Lis Pendens</u> against the relevant Defendant Real Property; and

    d.    At the conclusion of all civil and criminal forfeiture proceedings relating to the Defendant Real Properties, the net proceeds held by the USMS will be disposed of according to law.

SO ORDERED AND ENDORSED:

_____
REGINALD C. LINDSAY
United States District Judge
Date: